Citation Nr: 1719070 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 12-16 661A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUE

Entitlement to service connection for the cause of the Veteran's death. 


REPRESENTATION

Appellant represented by: Carla N. Webb


WITNESS AT HEARING ON APPEAL

Appellant




ATTORNEY FOR THE BOARD

R. Scarduzio, Associate Counsel


INTRODUCTION

The Veteran served on active duty from April 1969 to April 1972, to include service in the Republic of Vietnam. The Veteran died in April 2011, and the Appellant claims as his surviving spouse. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO). 

In July 2016, the Veteran testified at a videoconference hearing before the undersigned Veterans Law Judge (VLJ). A transcript of the hearing is of record. 


FINDINGS OF FACT

1. The Veteran's death certificate lists the immediate cause of death as liver failure due to or as a consequence of pulmonary metastasis and renal cancer.

2. A service-connected disease or disorder did not cause or materially contribute to the Veteran's death. 





CONCLUSION OF LAW

The requirements to establish service connection for the cause of the Veteran's death have not been met. 38 U.S.C.A. §§ 1110, 1310 (West 2014); 38 C.F.R. §§ 3.303, 3.312 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. VA's Duties to Notify and Assist

VA has a duty to notify and assist veterans in substantiating claims for VA benefits. 38 U.S.C.A. §§ 5102, 5103, 5103A (West 2014); Honoring America's Veterans and Caring for Camp Lejeune Families Act of 2012, Pub. L. No. 112-154, §§ 504, 505, 126 Stat. 1165, 1191-93; 38 C.F.R. § 3.159 (2016). The duty to notify in this case was satisfied by a letter sent to the Appellant in July 2011. 

The evidence includes the Veteran's service treatment records, VA treatment records, private treatment records, and lay evidence. A VA examiner's opinion on this matter was obtained in April 2012. Upon review, the Board finds the opinion sufficient and adequate for rating purposes. The VA examiner reviewed the Veteran's relevant medical history and provided an opinion as to the clinical findings. In addition, the VA examiner provided adequate rationale for the opinion stated, relying on and citing to the records reviewed. Accordingly, the Board finds that VA's duty to assist with respect to obtaining a VA examination or opinion has been met. 38 C.F.R. § 3.159(c)(4). 

As there is no allegation that the hearing provided to the Appellant was deficient in any way, further discussion of the adequacy of the hearing is not necessary. Dickens v. McDonald, 814 F.3d 1359 (Fed. Cir. 2016).

Hence, VA has fulfilled its duties to notify and assist the Appellant, and adjudication at this juncture, without directing or accomplishing any additional notification and/or development action, poses no risk of prejudice to the Appellant. See, e.g., Bernard v. Brown, 4 Vet. App. 384, 394 (1993). The appeal may now be considered on the merits.

II. Analysis

To establish service connection for the cause of the Veteran's death, the evidence must show that a disability incurred in or aggravated by active service either caused or contributed substantially or materially to cause death. 38 U.S.C.A. § 1310. A service-connected disorder is one that was incurred in or aggravated by active service; one for which there exists a rebuttable presumption of service incurrence; or one that is proximately due to or the result of service-connected disability. 38 U.S.C.A. §§ 1101, 1110, 1112, 1113; 38 C.F.R. §§ 3.307, 3.309, 3.310(a). 

A service-connected disability will be considered as the principal (primary) cause of death when such disability, singly or jointly with some other disorder, was the immediate or underlying cause of death or was etiologically related thereto. A contributory cause of death is inherently one not related to the principal cause. In determining whether the service-connected disability contributed to death, it must be shown that it contributed substantially or materially, that it combined to cause death, or that it aided or lent assistance to the production of death. It is not sufficient to show that it casually shared in producing death, but rather it must be shown that there was a causal connection. 38 C.F.R. § 3.312. 

There are primary causes of death, which by their very nature are so overwhelming that eventual death can be anticipated irrespective of coexisting conditions. Even in such cases, there may be a reasonable basis for holding that a service-connected condition was of such severity as to have a material influence in accelerating death. In this situation, however, it would not generally be reasonable to hold that a service-connected condition accelerated death unless such condition affected a vital organ and was itself of a progressive or debilitating nature. 38 C.F.R. § 3.312(c).

The Veteran's death certificate lists the immediate cause of death as liver failure due to or as a consequence of pulmonary metastasis and renal cancer. There were no other significant conditions listed as contributing to the Veteran's death. At the time of the Veteran's death he was service-connected for posttraumatic stress disorder (PTSD), diabetes mellitus, peripheral neuropathy of the right and left upper extremities, and peripheral neuropathy of the right and left lower extremities. As the Veteran was not service-connected for the conditions listed as the causes of death on his death certificate, the Board considers whether the cause of death was caused by the Veteran's active duty service. 

Service connection may be established for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303. Regulations also provide that service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disability was incurred in service. 38 C.F.R. § 3.303(d).

In order to establish service connection there must be competent, credible evidence of (1) a current disability, (2) in-service incurrence or aggravation of an injury or disease, and (3) a nexus, or link, between the current disability and the in-service disease or injury. See, e.g., Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); see also Pond v. West, 12 Vet. App 341 (1999).

Moreover, where a veteran served continuously for 90 days or more during a period of war, or during peacetime service after December 31, 1946, certain chronic disabilities that become manifest to a degree of 10 percent within one year from the date of termination of such service shall be presumed to have been incurred in service, even though there is no evidence of such disease during the period of service. 38 C.F.R. §§ 3.307, 3.309; see also Walker v. Shinseki, 708 F.3d 1331, 1338 (Fed. Cir. 2013). This presumption is rebuttable by affirmative evidence to the contrary. 38 U.S.C.A. §§ 1101, 1112, 1113, 1137 (West 2014); 38 C.F.R. §§ 3.307, 3.309.

Service connection may also be presumed for certain diseases, including respiratory cancers, if a veteran was exposed to an herbicide agent, including Agent Orange, during service, and the disease manifested to a degree of ten percent or more any time after service. 38 C.F.R. §§ 3.307(a)(6), 3.309(e). Respiratory cancers are defined as including cancer of the lung, bronchus, larynx, or trachea. 38 C.F.R. § 3.309(e). A veteran who served in the Republic of Vietnam during the period beginning on January 9, 1962, and ending on May 7, 1975, shall be presumed to have been exposed to an herbicide agent unless there is affirmative evidence to establish that the veteran was not exposed to any such agent during that service. 38 U.S.C.A. § 1116(f); 38 C.F.R. § 3.307(a)(6)(iii).

The Board has reviewed all the evidence in the record. Although the Board has an obligation to provide adequate reasons and bases supporting this decision, there is no requirement that the evidence submitted by the Veteran or obtained on his behalf be discussed in detail. Rather, the Board's analysis below will focus specifically on what evidence is needed to substantiate each claim and what the evidence in the claims file shows, or fails to show, with respect to each claim. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000); see also Timberlake v. Gober, 14 Vet. App. 122, 128-30 (2000).

Except as otherwise provided by law, a claimant has the responsibility to present and support a claim for benefits under the laws administered by VA. VA shall consider all information and medical and lay evidence of record. Where there is an approximate balance of positive and negative evidence regarding any material issue to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C.A § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).
The Veteran was diagnosed with renal cell carcinoma on his left kidney in March 2008, and he underwent surgery for removal of that kidney the same month. In March 2011, the Veteran underwent a CT scan to assess the severity of a lesion on his liver. That CT scan revealed a number of bilateral scattered pulmonary nodules in his lungs. The radiologist listed diagnostic possibilities that included "metastases, military tuberculosis, sarcoidosis, alveolar microlithiasis, fungal or atypical infection." The radiologist noted that he favored renal metastases given prior left nephrectomy. After an additional CT scan of the Veteran's chest, the radiologist again opined that the cause was "probable renal metastases given prior left nephrectomy." Other differentials included military tuberculosis, sarcoidosis, atypical disseminated fungal/viral infection, and alveolar microlithiasis. The Veteran died the following month.

As previously noted, the cause of death was recorded on the Veteran's certificate of death as liver failure due to or as a consequence of pulmonary metastasis and renal cancer. No service-connected disabilities were listed on the death certificate as a contributing or underlying cause of the Veteran's death. Moreover, there is no competent evidence showing a causal connection, or showing that a service-connected disability, including his diabetes mellitus, caused or was a material factor in the production of the Veteran's death. 

At the outset, it is important to note that the Appellant does not claim that the Veteran had any of the disabilities related to his death during service or within one year thereof. Indeed, review of the Veteran's service treatment records, as well as VA medical center and private treatment records, reveals no complaints, treatment, or diagnosis of liver failure, pulmonary metastasis, or renal carcinoma during service or in the year immediately following service. She instead simply maintains that the Veteran's death may have been caused by lung cancer as a result of herbicide exposure.

The record confirms the Veteran served in the Republic of Vietnam during the Vietnam Era, and he is therefore presumed to have been exposed to herbicide agents. The record also confirms the Veteran is service-connected for type 2 diabetes mellitus. VA regulations provide that, if a veteran was exposed to an herbicide agent during active service, presumptive service connection for a disability or death is warranted for certain disorders. Renal cancer, however, is not listed among the diseases presumed to be associated with herbicide exposure. 38 C.F.R. § 3.309(e). Hence, entitlement to presumptive service connection for such disability or for cause of death is not warranted. 

The Appellant argues, however, that since there was no tissue sample taken of the Veteran's lungs after death and only the opinion of the radiologist, that it is at least as likely as not that the cause of the Veteran's death was not due to pulmonary metastasis caused by renal cancer as noted on the certificate of death, but rather lung cancer, which is listed among the diseases presumed to be associated with herbicide exposure. Id.

In support of her claim, the Appellant submitted the opinion of a private pulmonologist, Dr. J.W., who opined in November 2011 that there was a "possibility that his lung cancer was related to Agent Orange exposure," because the Veteran "obviously had enough exposure to develop diabetes and neuropathy." 

Subsequently, the RO requested an opinion from a VA examiner in April 2012. After reviewing the claims file, including all medical records and the opinion of the private pulmonologist, the examiner opined that the Veteran's lung cancer was related to his renal cell carcinoma as noted on the death certificate, and not his history of herbicide agent exposure in Vietnam. In support of this opinion, the VA examiner noted that renal cell cancer is notorious for metastasizing to the lung. The examiner further noted that since no tissue diagnosis of lung cancer was obtained, the Veteran only had one carcinoma - renal cell. Further, the examiner noted that the radiologist who read the Veteran's CT scan interpreted the condition as consistent with renal cell metastasis to the lung, and did not include primary lung cancer in his differential of other possibilities. Moreover there was no suggestion of anything other than renal cell cancer made by any treating physician including the oncologist of record. 

In August 2016, the Appellant's private pulmonologist provided an additional opinion after reviewing VA guidelines, including 38 C.F.R. 3.309, which lists multiple forms of malignancy including respiratory cancers, and opined that the Veteran's malignancy was "probably related to herbicide exposure."

Based on the foregoing, the Board finds that the preponderance of the evidence is against a finding in favor of service connection for the Veteran's cause of death. 

The Board has the authority to and affords more probative weight to the opinion of the April 2012 VA examiner. See Madden v. Gober, 125 F.3d 1477, 1481(Fed. Cir. 1997); Guerrieri v. Brown, 4 Vet. App. 467, 470-71 (1993); Owens v. Brown, 7 Vet. App. 429, 433 (1995); Wensch v. Principi, 15 Vet. App. 362, 367 (2001). 

To the extent that the private opinions obtained by the Appellant represent evidence in favor of the Veteran's claim, the Board is affording them little probative value. The first opinion is speculative in nature and does not provide the degree of certainty required for persuasive evidence in this case. Conjectural or speculative opinions which suggest no more than some remote possibility of an etiological relationship are afforded little probative value. See 38 C.F.R. § 3.102; Stegman v. Derwinski, 3 Vet. App. 228, 230 (1992). The second opinion notes that the Veteran's malignancy was probably related to herbicide exposure. It appears that the basis for this opinion is § 3.309 which lists respiratory cancer as a disease presumed related to exposure to herbicide agents. However, Dr. J.W.'s opinion does not contain any other rationale or account for the findings by the radiologist that the pulmonary nodules metastasized from the kidneys. Dr. J.W. presented no evidence that the records were reviewed or that he was personally aware of the facts of the case, specifically the lack of a tissue diagnosis or the opinion of the radiologist who viewed the CT scans. Thus, the opinions from Dr. J.W. are afforded little probative weight.

In contrast, the VA examiner reviewed the claims file and considered the Veteran's reported history to support the conclusion reached. The examiner used his expertise in reviewing the facts of this case and determined that the Veteran's death was related to his non-service connected renal cell carcinoma, and not lung cancer caused by herbicide agent exposure in Vietnam. This opinion was supported by other evidence; namely, the radiology report. 

In addition, the Veteran's death certificate is greatly probative regarding the cause of the Veteran's death as it showed that liver failure due to pulmonary metastasis and renal cancer was the immediate cause. Lung cancer was not listed as a condition contributing to death. It is not shown that any service-connected disability, including the Veteran's diabetes mellitus, resulted in such debilitation that it contributed to the Veteran's death. Further, there is no competent evidence of renal cell carcinoma in service or within one year following discharge from service, no competent evidence linking renal cell carcinoma to herbicide exposure, and no competent evidence suggesting the Veteran's renal cell carcinoma is otherwise etiologically related to service.

The Board acknowledges the Appellant's various lay assertions that she believes the Veteran's death may have been related to his active service, specifically his herbicide agent exposure in Vietnam. However, as a lay person, the Appellant has not shown that she has specialized training sufficient to render such an opinion. See Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007) (noting general competence to testify as to symptoms but not to provide medical diagnosis). In this regard, the cause of the Veteran's death, including the etiology of his renal cancer, is not something capable of lay observation and requires medical expertise to determine. Accordingly, the Appellant's opinion is not competent evidence. 

In sum, a preponderance of the evidence reflects that renal cancer with metastasis to the Veteran's lungs was a contributing cause of the Veteran's death and that it was not related to the Veteran's service. No other disabilities are shown to have contributed in a substantial way to the Veteran's death. 

In reaching the above conclusion, the Board has considered the applicability of the benefit of the doubt doctrine. However, as the preponderance of the evidence is against the Appellant's claim, that doctrine is not applicable in this case. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102; Gilbert, 1 Vet. App. 55-57.


ORDER

Entitlement to service connection for the cause of the Veteran's death is denied.




____________________________________________
Nathan Kroes
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs